**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SHIRLEY THORPE, as "Next Friend" of TIMOTHY THORPE,[1] | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 3:07-CV-1735-D (BH) ECF |
| HAROLD EAVENSON, Sheriff of Rockwall County, | ) ) ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A.     Nature of the Case**

Shirley Thorpe filed a Petition for Federal Habeas Relief on behalf of her son, Timothy Thorpe, alleging that she is the biological mother of Timothy Thorpe and that he is "a 41-year old indigent retarded man unlawfully in custody of Respondent." The petition is not signed by Timothy Thorpe.

Respondent is Harold Eavenson, Sheriff of Rockwall County, Texas.

---

[1] The caption of this case should be changed to reflect that the Petition for Federal Habeas Relief was filed by Shirley Thorpe, as Next Friend of her son, Timothy Thorpe.

**B.      State Procedural History**

A review of the petition filed on behalf of Timothy Thorpe (hereafter "Petitioner") reveals that Petitioner entered a plea of guilty on October 20, 2006, to the offense of indecency with a child – sexual contact, a second degree felony.  The offense date was June 3, 2005.  An "Order of Deferred Adjudication; Community Supervision" was entered placing Petitioner on deferred community supervision, without an adjudication of guilt, for a period of ten years, and ordering sex offender treatment.

On April 24, 2007, the state prosecutor filed a Motion to Amend Probation asking the Court to amend the terms of Petitioner's supervision to require Petitioner "as per doctor's order to submit to a dose of Depo Provera as prescribed."  Petitioner signed the motion and agreed to waive a hearing and to abide by the terms and conditions of the amended terms.  The trial court entered an order on April 27, 2007, granting the motion and amending the terms of probation/supervision as requested.[2]

According to the petition, in May of 2007, Petitioner told JoAnna Vatsis, his sex offender therapist, a "fanciful tale" of his encounter with two young girls.  Vatsis dropped Petitioner from therapy and notified the Rowlett Police Department, who conducted an investigation but allegedly found no victims.  Petitioner's parole officer obtained an arrest warrant and Petitioner was arrested on May 31, 2007, on a probation revocation warrant.

Petitioner was appointed an attorney who apparently entered into an agreement with the district attorney's office to have the new charges dropped if Petitioner could pass a polygraph examination relating to the "made-up" story, with the test to be administered by Eric Holden.

---

[2] Petitioner's mother challenges this requirement, arguing that its purpose is to "effectuate chemical castration."

Attached to the petition is a polygraph report from Eric J. Holden of Behavioral Measures & Forensic Services SW, Inc. wherein Holden found that Petitioner was "either malingering or was operating at a functional IQ level that would call into question the validity of a polygraph examination administered." Holden recommended that Petitioner be referred to a mental health professional for a neuropsychological examination and functioning IQ testing to determine if Petitioner is mentally functioning at a level that would give confidence in a polygraph opinion.

Petitioner's mother states that Holden rescheduled the test on three separate occasions, but then did not show up or call. After receiving an agreement from the district attorney that Petitioner could be tested by any qualified examiner, Petitioner's mother contacted Marla Williams, who made an attempt to conduct a polygraph examination on September 11, 2007, at the Rockwall County Jail. Williams found Petitioner to be unsuitable for the polygraph examination.

The petition does not provide any information as to the current status of Petitioner's case.

**C.      Claims**

The petition alleges that Petitioner was denied a preliminary probable cause hearing after his arrest on the probation revocation warrant. It further challenges the imposition of the requirement that he receive monthly injections of Depo Provera, alleging that this requirement results in chemical castration.

Petitioner seeks immediate release from jail.

## II.  NEXT FRIEND STATUS

A petition for writ of habeas corpus must be "in writing signed and verified by the person for whose relief it is intended or by someone acting on his behalf." 28 U.S.C. § 2242. A "next

friend" does not become a party to the habeas corpus action, but simply pursues the action on behalf of the person detained, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

The granting of "next friend" standing is not automatic. To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action in his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest. *Id*. at 163-64.

"The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

"'Next friend' petitions are permitted only if it is clearly demonstrated that the individual is unable to seek relief on his own behalf or is mentally incompetent to do so." *Lovelace v. Lynaugh*, 809 F.2d 1136, 1137 (5th Cir. 1987).

Based on the allegations in instant petition, it appears that Shirley Thorpe can establish a significant relationship and a true dedication to the best interest of Petitioner. It is unclear, however, whether she can establish that Petitioner could not prosecute this habeas action on his own behalf. Attached to the petition is a detailed Forensic Psychological Evaluation conducted in December of 2005 in which it was found, in part, that Petitioner was competent to stand trial. Nevertheless, a determination of whether Shirley Thorpe has met the requirements to establish "next friend" status sufficient to give this court jurisdiction to consider Petitioner's petition is

4

unnecessary because Petitioner failed to exhaust his state remedies before seeking federal habeas relief.

## III.  EXHAUSTION

Petitioner alleges that no exhaustion of state court remedies is required.

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  The exhaustion requirement is designed to protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings.  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Furthermore, a federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose*, 455 at 510.

In this case, the state courts have simply had no opportunity to review the claims raised in the instant federal petition.  Because Petitioner has not fairly presented his claims to the state courts, a ruling from the federal court at this juncture would preempt the state court from performing its proper function.  Petitioner is, therefore, not entitled to habeas corpus relief because he has failed to exhaust his state remedies.

5

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 31st day of October, 2007.**

        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE